Young Walgenkim OSB# 124900
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 | | Fax (503) 766-6477
young@hansonwalgenkim.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CAROL BENGEL** | Case No.:3:14-cv-1181 |
| Plaintiff, | |
| v. | COMPLAINT |
| | Magnuson Moss Warranty Act (15 U.S.C. § 2310), Truth in Lending (15 U.S.C. § 1640), and State Claims. |
| **WITHNELL MOTOR COMPANY, a domestic corporation; HYUNDAI MOTOR AMERICA CORPORATION, a foreign corporation; OREGON COMMUNITY CREDIT UNION, a domestic credit union; FEDERATED MUTUAL INSURANCE COMPANY, a foreign corporation** | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, by and through her attorney Young Walgenkim, and for her complaint alleges:

## PARTIES

1. At all relevant times, Plaintiff has resided in Salem, Oregon.

2. At all relevant times, Defendant Withnell Motor Company ("Withnell") has been an

Oregon Corporation with regular and sustained business activities in Marion County Oregon.

3. Withnell is a car dealer (Dealer No. DA5873) located at 1996 Mission St SE, Salem, OR 97302.

4. At all relevant times, Defendant Hyundai Motor America Corporation ("Hyundai") has been a California Corporation with regular and sustained business activities in Oregon.

5. Withnell is a licensed Hyundai dealer, authorized by Hyundai to sell Hyundai vehicles on its behalf. As a dealer, Withnell acts as an agent on behalf of Hyundai.

6. At all relevant times, Defendant Oregon Community Credit Union ("OCCU") has been an Oregon credit union with regular and sustained business activities in Marion County Oregon.

7. Defendant Federated Mutual Insurance Company ("FMIC") is the bond company for Withnell and Plaintiff has a right of action under ORS 822.030 against FMIC as the surety on Withnell's bond.

## JURISDITION AND VENUE

8. Jurisdiction of this court arises under 15 U.S.C. § 2310(d), 15 U.S.C. § 1640(a), 28 U.S.C. § 1331 (Federal Question), and the doctrine of pendent jurisdiction for the other Oregon claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks relief in excess of $50,000.00.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendants are actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) Defendants transact business in the State and in the District because they have contracted with residents of the District through their sales with residents of the District; (iii) Defendants have committed illegal acts in the District by through their sales and/or have provided defective products to residents

of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

10. Sometime in May of 2012, Plaintiff received a letter in the mail from Withnell. The letter stated that Plaintiff qualified for "guaranteed financing" with "no down payment" on a new car.

11. On May 25, 2012, Plaintiff went to Withnell's lot and purchased a new 2012 Hyundai Santa Fe ("Santa Fe"), VIN 5XYZGDAB3CG097574, from Withnell for personal or household use. (See Exhibit 1 – Bill of Sale).

12. Plaintiff is 4'8" tall and was 69 years old at the time of the purchase of the Santa Fe.

13. Plaintiff told Withnell's salesperson that she was interested in a sport utility vehicle. The salesperson promptly showed Plaintiff to a new Hyundai Santa Fe.

14. During the test drive, Plaintiff had difficulty getting in and out of the Santa Fe because of her height. Withnell's salesman pulled the seat forward close enough for her to reach the pedals. He also assured Plaintiff that she would have no trouble getting in and out of the Santa Fe because he would arrange to install running boards for her, free of charge. (See Exhibit 3 – Running Board Installation).

15. During negotiations, Withnell's salesman asked Plaintiff how much she could pay per month. She told him she could afford $500.

16. At the end of the transaction, Plaintiff ended up paying $31,824.00 for the Santa Fe. She additionally purchased a platinum package warranty for $3,497.00 and a service contract for $899.00. (Exhibit 1 – Bill of Sale). Plaintiff also paid no money down for her purchase, even though the Bill of Sale states that she paid $3,814.

17. The manufacturer's suggested retail price ("MSRP") for the Santa Fe was $23,225. Withnell did not disclose to Plaintiff that she was paying $8,599 over the MSRP.

18. Withnell's salesperson told Plaintiff she was getting a free 10 year 100,000 mile

warranty. Plaintiff did not know about or consent to purchasing the platinum package warranty for $3,497.00.

19. Plaintiff made regular visits to Withnell to get her Santa Fe serviced according to the service schedule she was given with the service contract.

20. On or about April16, 2014, Plaintiff discovered in the Santa Fe owner's manual that if the driver sits closer than 10 inches from the steering wheel, she could suffer serious injury or death from the deployment of the airbag. Plaintiff had been sitting at most 6 inches away from the steering wheel, as recommended by Withnell's salesperson since she purchased the vehicle in May 2012.

21. On the same day, Plaintiff's son drove Plaintiff to Withnell's lot, and Plaintiff and her son alerted Withnell's manager about her safety concerns. The manager came out to the vehicle and measured and confirmed Plaintiff was in fact sitting only 6 inches away from the steering wheel. However, the manager told Plaintiff this was not Withnell's problem, and she needed to see her doctor and the DMV.

22. Withnell never disclosed any safety issues related to Plaintiff sitting too close to the steering wheel of the Santa Fe.

23. Since that day, Plaintiff has not driven the Santa Fe in fear for her life.

**FIRST CLAIM FOR RELIEF: MAGNUSON MOSS WARRANTY ACT - 15 U.S.C. § 2310 (All Defendants)**

24. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301(3).

25. Withnell and Hyundai are "warrantors" and/or "suppliers" as defined in the MMWA, 15 U.S.C. § 2301(4) and (5).

26. The Santa Fe is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(l), because it is normally used for personal purposes.

/// /// ///

27. The written manufacturer's warranty pertaining to the Santa Fe was given by Hyundai and adopted by Withnell. Withnell also sold an additional written warranty to Plaintiff.

28. Withnell gave a warranty of fitness for a particular purpose when it represented to Plaintiff that the Santa Fe would be a suitable car for someone of her stature.

29. Plaintiff provided both Withnell and Hyundai an opportunity to cure, and neither defendant provided a reasonable offer to cure.

30. The actions of Withnell and Hyundai in failing to tender the Santa Fe to Plaintiff in safe and drivable condition constitutes a breach of the written and implied warranties covering the Santa Fe and is a violation of the MMWA for which Plaintiff is entitled to recover her damages under 15 U.S.C. § 2310(d)(1) or a full refund under 15 U.S.C. § 2304(a)(4).

31. Plaintiff has performed all things agreed to and required of her under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Withnell and Hyundai as herein alleged.

32. Pursuant to the MMWA, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover costs and expenses of the suit, including attorney's fees, as part of the judgment. As a proximate result of Withnell and Hyundai's misconduct as alleged herein, Plaintiff has incurred and continues to incur legal fees, costs, and expenses in connection therewith.

33. The amount in controversy of this action exceeds $50,000, exclusive of interest and costs for these claims.

34. As a holder of the note that is a consumer credit contract, OCCU is subject to all claims that Plaintiff can assert against the seller in the amount not to exceed amounts paid by Plaintiff. Therefore, OCCU is also liable to Plaintiff. (See Exhibit 2 – Retail Installment Contract, Page 1).

35. FMIC is also liable as the bond company for Withnell under ORS 822.030.

## SECOND CLAIM FOR RELIEF: TRUTH IN LENDING - 15 USC § 1601 et seq.

### (As to All Defendants)

36. Plaintiff re-alleges and incorporates herein all of the above paragraphs.

37. Withnell extended credit to Plaintiff in a written agreement that was subject to a finance charge and involved more than four installment payments. (See Exhibit 2 – Retail Installment Contract).

38. Plaintiff's use of the credit was for a personal, family, or household purpose.

39. Withnell regularly extends consumer credit.

40. In 2011, Withnell signed more than 25 Retail Installment Contracts where credit was extended to the customers for their purchase of vehicles from Withnell.

41. Withnell misrepresented the amount of down payment on Retail Installment Contract for Plaintiff's purchase of the Santa Fe in order to get Plaintiff approved for financing.

42. Withnell failed to comply with the disclosure requirements under the Truth in Lending Act (TILA), including but not limited to: 1) the amount financed, 2) the finance charge, 3) the annual percentage rate, 4) the total of payments, 5) the schedule of payments, and 6) the total sale price, in violation of 15 U.S.C. § 1638.

43. As a result of Withnell's violations of the TILA, Plaintiff is entitled to recover actual damages and statutory damages of $11,470.96, which is two times the finance charge, pursuant to 15 U.S.C. § 1640.

44. Plaintiff is entitled to her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1667d and 15 U.S.C. § 1640(a)(3).

### Liability of Other Defendants

45. Because Withnell is an authorized agent of Hyundai, Hyundai is jointly and severally liable as the principal of the agency relationship.

46. As a holder of the note that is a consumer credit contract, OCCU is subject to all claims that Plaintiff can assert against the seller in the amount not to exceed amounts paid by Plaintiff. Therefore, OCCU is also liable to Plaintiff. (See Exhibit 2 – Retail Installment Contract, Page 1).

47. Withnell's violations of the TILA were due to Withnell's fraudulent representations and/or Withnell's violations of the vehicle code. Plaintiff suffered loss because of Withnell's fraudulent representations and/or Withnell's violations of the vehicle code. Therefore FMIC is jointly and severally liable as the bond company for Withnell under ORS 822.030 up to the bond limit.

**THIRD CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES - ORS § 646.608**
**(All Defendants)**

48. Plaintiff re-alleges and incorporates herein all of the above paragraphs.

**Count 1 - ORS 646.608(1)(t); ORS 646.608(1)(u), OAR 137-020-0020(3)(o) – Failure to Disclose Material Defects**

49. In the course of its business, and concurrent with tender or delivery of the Santa Fe, Withnell failed to disclose that the design of the Santa Fe would not allow Plaintiff to operate it while sitting a safe distance away from the steering wheel.

50. This defect/non-conformity is material.

51. Plaintiff would not have purchased the Santa Fe had she known that she could not safely drive the vehicle.

52. Withnell knew or should have known that Plaintiff could not safely drive the Santa Fe.

53. Withnell therefore willfully violated ORS 646.608(1)(t) and OAR 137-020-0020(3)(o), which is, in turn, a violation of ORS 646.608(1)(u).

**Count 2 - ORS 646.608(1)(u), OAR 137-020-0020(3)(b) – Extension Sticker**

54. The offering price for the Santa Fe was $31,824.00. (See Exhibit 1 – Bill of Sale).

55. Since the MSRP of the Santa Fe was $23,225, the offering price was $8,599 more than the MSRP.

56. Defendant Withnell did not display or disclose the additional mark up of $8,599 on any extension sticker.

57. Withnell therefore willfully violated OAR 137-020-0020(3)(b), which is, in turn, a violation of ORS 646.608(1)(u).

### Count 3 - ORS 646.608(1)(u), OAR 137-020-0020(3)(e) – Additional Dealer Mark-up

58. The difference of $8,599 did not represent additional goods or services. However, Withnell did not disclose it was additional dealer mark-up.

59. Withnell therefore willfully violated OAR 137-020-0020(3)(e), which is in turn, a violation of ORS 646.608(1)(u).

### Count 4 - ORS 646.608(1)(u), OAR 137-020-0020(3)(m) – Payment Price Packing

60. During negotiations for the sale of the Santa Fe, Withnell quoted a monthly payment that included, among other things, the extended warranty, the service contract, and the running boards.

61. Withnell did not clearly and conspicuously disclose in writing, prior to Plaintiff executing the agreement, the individual price of the included addons and the monthly payment and total cost without the additional items included.

62. Withnell therefore willfully violated OAR 137-020-0020(3)(m), which is, in turn, a violation of ORS 646.608(1)(u).

### Count 5 - ORS 646.608(1)(u), OAR 137-020-0040(2) – Violations of Truth in Lending

63. Withnell extended credit related to the purchase of the Santa Fe in violation of the Truth in Lending Act.

64. Withnell therefore willfully violated OAR 137-020-0040(2), which is, in turn, a violation of ORS 646.608(1)(u).

\\\   \\\   \\\

### Damages

65. As a result of Withnell's 5 separate violations of the UTPA, Plaintiff suffered actual economic damages in the amount of the total sale price of the Santa Fe – $48,228.44. Plaintiff is entitled to actual economic damages, reasonable attorneys' fees, and costs pursuant to ORS 646.638.

66. As a result of Withnell's 5 willful violations of the UTPA, Plaintiff is entitled to punitive damages in the amount to be determined by the jury pursuant to ORS 646.638.

### Liability of Other Defendants

67. Because Withnell is an authorized agent of Hyundai, Hyundai is jointly and severally liable as the principal of the agency relationship.

68. As a holder of the note that is a consumer credit contract, OCCU is subject to all claims that Plaintiff can assert against the seller in the amount not to exceed amounts paid by Plaintiff. Therefore, OCCU is also liable to Plaintiff. (See Exhibit 2 – Retail Installment Contract, Page 1).

69. Withnell's violations of the UTPA were due to Withnell's fraudulent representations and/or Withnell's violations of the vehicle code. Plaintiff suffered loss because of Withnell's fraudulent representations and/or Withnell's violations of the vehicle code. Therefore FMIC is jointly and severally liable as the bond company for Withnell under ORS 822.030 up to the bond limit.

### **FOURTH CLAIM FOR RELIEF: FINANCIAL ELDER ABUSE - ORS § 124.110**
### **(As to Defendants Withnell, Hyundai, and FMIC)**

70. Plaintiff re-alleges and incorporates herein all of the above paragraphs.

71. At all relevant times, Plaintiff has been a "vulnerable person" as defined by ORS 124.100(1)(e) because she was over the age of 65 at the time of her purchase of the Santa Fe from Withnell.

72. Withnell, Hyundai, and FMIC are not "financial institutions" as defined by ORS 706.008.

73. Withnell, Hyundai, and FMIC are not "health care facilities" as defined in ORS 442.015.

74. Withnell, Hyundai, and FMIC are not facilities licensed or registered under ORS chapter 443.

75. Withnell, Hyundai, and FPIC are not "broker-dealers" licensed under ORS 59.005 to 59.541.

76. Withnell wrongfully appropriated Plaintiff's money or property through the following statutory violations:

    a. Failure to honor warranty in violation of the MMWA (15 U.S.C. § 2310);

    b. Misrepresentation of financing disclosures in violation of the TILA (15 USC § 1601);

    c. Misrepresentation of benefits and qualities of good sold in violation of the UTPA (ORS § 646.608);

    d. Failure to disclose material defects in violation of the UTPA (ORS § 646.608);

    e. False representations regarding goods sold in violation of the UTPA (ORS § 646.608);

    f. Misrepresentation of offering price in violation of the UTPA (ORS § 646.608); and

    g. "Payment Price Packing" or failure to disclose hidden add-on prices in violation of the UTPA (ORS § 646.608).

77. Plaintiff suffers chronic kidney disease and is diagnosed as having-bi-polar disorder. The stress related to potential death from airbag deployment and other issues arising out of the sale of the Santa Fe have greatly exacerbated both conditions.

\\\   \\\   \\\

78. Due to the above violations, Plaintiff has suffered economic damages of $48,228.44, and is entitled to three times that amount ($144,685.32) pursuant to ORS 124.100(2)(a).

79. Due to the above violations, Plaintiff has suffered fear, anxiety, nervousness, anger, depression, embarrassment, humiliation, frustration and emotional distress. Plaintiff is entitled to three times her noneconomic damages in the exact amount to be determined by jury pursuant to ORS 124.100(2)(b).

80. Plaintiff is entitled to reasonable attorneys' fees pursuant to ORS 124.100(2)(c).

81. Withnell and FMIC are jointly and severally liable for these damages pursuant to ORS 822.030 and the DMV-required bond.

### Liability of Hyundai and FMIC

82. Because Withnell is an authorized agent of Hyundai, Hyundai is jointly and severally liable as the principal of the agency relationship.

83. Withnell's financial elder abuse was due to Withnell's fraudulent representations and/or Withnell's violations of the vehicle code. Plaintiff suffered loss because of Withnell's fraudulent representations and/or Withnell's violations of the vehicle code. Therefore FMIC is jointly and severally liable as the bond company for Withnell under ORS 822.030 up to the bond limit.

### FIFTH CLAIM FOR RELIEF: NEGLIGENCE
### (As to Defendant Hyundai)

84. Plaintiff re-alleges and incorporates herein all of the above paragraphs.

85. Hyundai owed a duty to Plaintiff in providing safety information to its dealers in selling Hyundai vehicles to customers who are too short to sit a safe distance away from the steering wheel.

86. Hyundai did not exercise reasonable care by failing to provide adequate training and safety information to Withnell who sold the Santa Fe to Plaintiff without

disclosing adequate safety information to Plaintiff.

87. A reasonable business in Hyundai's position would know that failing to provide such safety information to its dealers would result in harm to a reasonable customer.

88. Plaintiff suffered damage that was caused by, and foreseeable to, Hyundai.

89. As a result of Hyundai's negligent conduct, Plaintiff suffered economic damages of $48,228.44.

## JURY DEMAND

90. Plaintiff demands trial by jury

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays judgment be entered against all Defendants for:**

FIRST CLAIM FOR RELIEF: MAGNUSON MOSS WARRANTY ACT - 15 U.S.C. § 2310:

a) An order declaring that Withnell and Hyundai violated the MMWA;

b) An award of actual damages in the amount to be determined by the jury;

c) 11% pre-judgment interest;

d) An award of reasonable attorneys' fees and costs; and

e) Any and all other relief the court deems just and equitable.

SECOND CLAIM FOR RELIEF: TRUTH IN LENDING - 15 USC § 1601:

a) An order declaring that Withnell violated the Truth in Lending Act;

b) An award of statutory damages of $11,470.96, two times the finance charge;

c) An award of actual damages in the amount to be determined by the jury;

d) 11% pre-judgment interest;

e) An award of reasonable attorneys' fees and costs; and

f) Any and all other relief the court deems just and equitable.

THIRD CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES - ORS § 646.608:

a) An order declaring that Withnell violated the UTPA;

b) An award of actual damages in the amount to be determined by the jury;

c) An award of punitive damages in the amount to be determined by the jury;

d) 11% pre-judgment interest;

e) An award of reasonable attorneys' fees and costs; and

f) Any and all other relief the court deems just and equitable.

**Plaintiff prays judgment be entered against Withnell, Hyundai, and FMIC for:**

FOURTH CLAIM FOR RELIEF: FINANCIAL ELDER ABUSE - ORS § 124.110:

a) An award of three times all economic damages in the amount of $144,685.32;

b) An award of three times all noneconomic damages in the amount to be determined by the jury;

c) 11% pre-judgment interest;

d) An award of reasonable attorneys' fees and costs; and

e) Any and all other relief the court deems just and equitable.

**Plaintiff prays judgment be entered against Hyundai for:**

FIFTH CLAIM FOR RELIEF: NEGLIGENCE:

a) An award of economic damages of $48,228.44;

b) 11% pre-judgment interest; and

c) Any and all other relief the court deems just and equitable.

DATED: July 24, 2014

　　　　　　　　　　　　　　　　　　**/s/ Young Walgenkim**
　　　　　　　　　　　　　　　　　　Young Walgenkim OSB# 124900
　　　　　　　　　　　　　　　　　　Hanson & Walgenkim, LLC
　　　　　　　　　　　　　　　　　　838 Commercial St NE, Salem, OR 97301
　　　　　　　　　　　　　　　　　　Tel. (503) 383-1496 || Fax (503) 766-6477
　　　　　　　　　　　　　　　　　　young@hansonwalgenkim.com
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff